IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CHRISTOPHER K. MCNEILL, | |
| Plaintiff, | |
| v. | 2:25-CV-085-Z |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 577 | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss ("Motion"), filed May 27, 2025. ECF No. 8. Plaintiff responded on May 28, 2025. ECF No. 10. Defendant replied on June 11, 2025. ECF No. 10. On June 20, 2025, Plaintiff filed an improper sur-reply. ECF No. 12. The Court did not consider Plaintiff's first sur-reply, but instead gave Plaintiff leave to file another. ECF No. 15. Plaintiff did so on July 7, 2025. ECF No. 16. The Motion is now ripe. Having reviewed the Motion, briefing, and relevant law, the Court discerns that Plaintiff's claims are precluded. Therefore, the Motion is **GRANTED**.

### BACKGROUND

In 2021, Plaintiff did not want to receive the COVID-19 vaccine. At that time, he was employed by Tyson Fresh Meats, Inc. and subject to the company's "vaccine mandate." ECF No. 3 at 2. Plaintiff requested a religious accommodation to avoid vaccination, but his employer did not grant one. Instead, a meeting between Plaintiff, his employer, and a union representative from the International Brotherhood of Teamsters Local 577 ("Defendant") occurred. There, Plaintiff's employer presented him with three unsavory options: (1) termination, (2) an unpaid leave of absence, or (3) capitulation. *Id.* He ultimately received the vaccine "to avoid termination." *Id.* at 3.

In spite of his employer's refusal, Plaintiff alleges that there existed a "bargained agreement" between Defendant and Plaintiff's employer, of which neither party apprised him. *Id.* This agreement included a "guaranteed interactive, personal one on one process for the exact accommodation [Plaintiff] was there and at that time requesting." *Id.* at 2. By not informing him of that agreement, Plaintiff asserts Defendant wronged him. *Id.*

This is the second time Plaintiff has sued his former union. Plaintiff initially sued Defendant in this Court in 2023, bringing claims under Title VII for "breach of [Defendant's] duty of fair representation," and for intentional infliction of emotional distress. Order at 2, *McNeill v. Teamsters Loc. 577*, No. 2:23-CV-042-Z (N.D. Tex. Dec. 8, 2023), ECF No. 27. That suit "center[ed] on his employer's COVID-19 vaccine policy, and more specifically the company's accommodation policy for religious objectors like Plaintiff." *Id.* Defendant's alleged liability was "based on proximity and passivity," since a union representative was present as Plaintiff's options were explained to him and "Defendant Local 577 did not abide by a "bargained agreement" to ensure religious exemptions would be accommodated appropriately." *Id.* This Court ruled in favor of Defendant in 2023, dismissing Plaintiff's suit pursuant to Federal Rule of Civil Procedure 12(c), which allows a court to give judgment on the pleadings. *Id.* at 7. Now, Plaintiff sues Defendant once again.

Plaintiff brings the instant lawsuit alleging a "breach of [Defendant's] duty of fair representation and related wrongful conduct," all of which relate to the meeting between Plaintiff, his employer, and Defendant's representative in October of 2021. ECF No. 3 at 1. There, Plaintiff's employer and Defendant allegedly failed to inform Plaintiff of the "bargained agreement" pertaining to religious vaccination accommodations. Instead, his employer presented him with the three aforementioned options: (1) immediate termination, (2) "an unpaid leave of absence; or (3) receive the COVID-19 vaccine." *Id.* at 2.

Whatever the merits of Plaintiff's claims, procedural hurdles stand in his way. Defendant contends that this lawsuit is a factual twin to Plaintiff's 2023 lawsuit—that the same claims have simply been "repackaged" against the same defendant. ECF No. 8 at 8. As such, Defendant argues, the doctrine of claim preclusion demands its dismissal for failure to state a claim. *Id.* Accordingly, Defendant moves to dismiss this suit.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides a defense for "failure to state a claim upon which relief can be granted." The Supreme Court has instructed that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But, while factual assertions should enjoy a presumption of truth, that presumption "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Taking well-pleaded facts as true, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *see also Ricks v. Khan*, 135 F.4th 296, 300 (5th Cir. 2025).

Courts often extend greater leniency in the context of *pro se* pleadings, but leniency is not warranted in every circumstance. Though courts should hesitate to dismiss *pro se* complaints for failure to state a claim "without first providing the plaintiff an opportunity to amend," that rule of thumb does not apply when "it is obvious from the record that plaintiff has pled his best case." *Ricks*, 135 F.4th at 301. Therefore, when it is apparent that a further opportunity to amend will not save a *pro se* plaintiff's suit, dismissal under Rule 12(b)(6) remains a proper mode of disposition.

## ANALYSIS

Dismissal for failure to state a claim is appropriate when claim preclusion applies. *See Pie Dev., LLC v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 663 (5th Cir. 2025). Functionally, claim preclusion keeps parties from relitigating a concluded case. The defense resides in the doctrine of *res judicata*, Latin for "a thing adjudicated." *Res judicata*, BLACK'S LAW DICTIONARY (8th ed. 2004). It is "[a]n affirmative defense barring the same parties from litigating a second lawsuit on the same claim, or any other claim arising from the same transaction or series of transactions and that could have been—but was not—raised in the first suit." *Id.* The defense applies equally to claims a party raised and claims they *should have* raised in the prior action.

Claim preclusion bars a litigant's suit where four conditions exist: "(1) the parties in both the prior suit and current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits." *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 312 (5th Cir. 2004). The third requirement—that the prior judgment was final and on the merits—is satisfied where the prior action was dismissed with prejudice. *See Stevens v. Bank of Am., N.A.*, 587 Fed. App'x 130, 133 (5th Cir. 2014) ("Generally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes.").

But even a dismissal *without prejudice* has preclusive effect when a party has "already asserted the arguments he wishes to assert and has received an adverse judgment," thereby "fail[ing] to persuade a tribunal of the merit of [his] claims." *Pie Dev., LLC*, 128 F.4th at 663 (internal quotations omitted). This accords with the modern trend extending claim preclusion to judgment on the pleadings for failure to state a claim. *See* 18A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4439 (3d ed. 2025) ("This problem occurs when a

4

prior action was dismissed because the plaintiff made an inadequate effort to plead a legally recognizable claim and a second action is brought on an improved complaint. . . . [M]ost federal and state courts hold that the second action is precluded."). While courts would formerly strain to differentiate between judgments on the sufficiency of the pleadings and those on "the entire merits," now "[d]ismissal for insufficient pleading . . . precludes a second action on an improved complaint." *Id.* Much more so, then, on an unimproved complaint.

As for the fourth element, the Fifth Circuit employs a "transactional" test to determine whether separate actions constitute a single "claim." *Davis*, 383 F.3d at 313. "The critical issue under the transactional test is whether two actions are based on the 'same nucleus of operative facts.'" *Id.* (quoting *Petro-Hunt, LLC v. United States*, 356 F.3d 385, 396 (5th Cir. 2004)); *see also Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davis*, 383 F.3d at 312 (quoting *Petro-Hunt*, 365 F.3d at 395–96).

This case meets all four requirements and is therefore precluded under *res judicata*. First, the parties are identical. In both 2023 and the instant case, Plaintiff brought suit against Defendant: the International Brotherhood of Teamsters Local 577. *See* Order at 1, *McNeill*, No. 2:23-CV-042-Z, ECF No. 27; ECF No. 3 at 1. Second, this Court had jurisdiction over the prior suit. The Court's dismissal of those claims did not reflect a jurisdictional defect. Rather, this Court analyzed the merits of Defendant's claims on the pleadings, holding they failed "as a matter of law." Order at 7, *McNeill*, No. 2:23-CV-042-Z, ECF No. 27. Third, the Court's dismissal of Plaintiff's 2023 lawsuit was a final judgment on the merits. Though the Court did not expressly dismiss Plaintiff's first suit with prejudice, it entered a judgment

(Judgment, *McNeill*, No. 2:23-CV-042-Z, ECF No. 28) dismissing Plaintiff's claims "as a matter of law" after finding that Plaintiff had "pled his best case." Order at 7, *McNeill*, No. 2:23-CV-042-Z, ECF No. 27. That judgment on the pleadings was a final judgment on the merits.

Finally, Plaintiff's current claims orbit the very same factual matter as his prior suit, such that they constitute the "same cause of action" under the Fifth Circuit's transactional test. *See Davis*, 383 F.3d at 312. Plaintiff's 2023 lawsuit alleged a violation of Title VII and a breach of fiduciary duties based on Defendant's participation in his employer's denial of a religious accommodation request. Order at 2, *McNeill*, No. 2:23-CV-042-Z, ECF No. 27. Specifically, Plaintiff asserted that, during the meeting on October 5, 2021, he "wasn't even told" about "a bargained agreement" existing between his employer and the union. Complaint at 5, *McNeill*, No. 2:23-CV-042-Z, ECF No. 3. These are the same facts Plaintiff now pleads. The instant complaint equally places its factual nucleus in the October 5 meeting. During that meeting, Plaintiff asserts, his union representative "did not go over the bargained agreement." ECF No. 3 at 3. Yet again, Plaintiff alleges Defendant breached its duties by "deliberately conceal[ing]" the agreement from him. *Id.* at 4.

Because the factual basis for Defendant's alleged misconduct remains identical to the prior suit, Plaintiff's partial recharacterization of his earlier claims does not convert them into a new cause of action for *res judicata* purposes. Defendant formerly alleged a violation of Title VII, breach of a duty of fair representation, and intentional infliction of emotional distress. He now proceeds under theories of (1) breach of Defendant's duty of fair representation, (2) breach of fiduciary duties, (3) fraudulent concealment, and (4) aiding and abetting tortious conduct. ECF No. 3 at 9–12. But where new legal theories arise from the same transaction, occurrence, or series thereof, these new claims are rightly considered the

same "cause of action" for purposes of claim preclusion. *See Davis*, 383 F.3d at 313. Just so here.

Plaintiff argues his current lawsuit orbits a different transaction or occurrence. He concedes that the first three "requirements may be satisfied," but maintains "the fourth is not." ECF No. 10 at 13. In Plaintiff's words, the instant case involves "newly discovered facts regarding the collective bargaining agreement that were not part of the 'nucleus of operative facts' in the prior case." *Id.* He goes further, accusing Defendant of fraudulent concealment which precluded his knowledge of the collective bargaining agreement. *Id.*

The Court cannot agree with Plaintiff that this case involves new facts—much less *concealed* facts—where Plaintiff explicitly cited the agreement in his prior complaint. The 2023 complaint included at least five references to the "bargained agreement" between Plaintiff's employer and his union, showing Plaintiff had knowledge of the agreement at the time he filed the prior lawsuit. Complaint at 5, 7, 9, *McNeill*, No. 2:23-CV-042-Z, ECF No. 3. This Court's Order dismissing that suit even noted the agreement. Order at 2, *McNeill*, No. 2:23-CV-042-Z, ECF No. 27 ("[Plaintiff] further asserts that Defendant Local 577 did not abide by a "bargained agreement" to ensure religious exemptions would be accommodated appropriately."). Because Plaintiff knew about the "bargained agreement" between his employer and the union at the time he filed the prior action, any additional claims based thereon should have accompanied his former lawsuit.

The Court's 2023 denial of Plaintiff's amended complaint further supports dismissal of the instant case. Even if Plaintiff had not known about the agreement when he first filed suit, his 2023 Motion for Leave to Amend included additional discussion of that agreement. It even attached a copy of the agreement. *See* Defendant's Motion for Leave to Amend, *McNeill*, No. 2:23-CV-042-Z, ECF No. 20. The Court ultimately denied Plaintiff's motion but noted that it "considered both Plaintiff's complaint and proposed amended complaint," but found that

7

"amendment would be futile" and that Plaintiff had "pled his best case." Order at 7, *McNeill*, No. 2:23-CV-042-Z, ECF No. 27. It is "well settled" that an order "den[ying] leave to amend the pleadings to advance an additional part of a claim partially asserted . . . bars a second action on the part excluded from the first action." 18 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4412 (3d ed. 2025). Therefore, the Court's denial of Plaintiff's amended complaint further supports the application of claim preclusion.

Finally, Defendant's *pro se* status might normally warrant leave to amend his pleadings, rather than dismissal. But this is the rare case in which "it is obvious from the record that plaintiff has pled his best case." *Ricks*, 135 F.4th at 301. This is Plaintiff's second bite at the same apple. This Court, though it did not grant Plaintiff leave to amend his pleadings in the prior case, considered "all of Plaintiff's pleadings—including his untimely filings and those in his associated case—and afforded him ample latitude and lenience." Order at 7, *McNeill*, No. 2:23-CV-042-Z, ECF No. 27. And the Court even "considered both Plaintiff's complaint and proposed amended complaint" before dismissing that case. *Id.* Now, Plaintiff alleges only the same facts as before, demonstrating yet again that he has "pled his best case." *Id.*; *see also Ricks*, 135 F.4th at 301. Under these circumstances, dismissal is appropriate.

CONCLUSION

Plaintiff's claims are barred by *res judicata*. This case is the factual twin of a case Plaintiff brought against Defendant in 2023, which this Court dismissed, rendering a final judgment on the merits. Plaintiff therefore fails to state a claim upon which this Court could plausibly grant relief. For that reason, the Court **GRANTS** Defendant's Motion. Plaintiff's case is **DISMISSED**.

SO ORDERED.

December 31, 2025

*[signature]*

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE